# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| AON PLC, a United Kingdom public limited company, and AON GROUP, INC., a Maryland corporation, | ) ) ) ) | |
| Plaintiffs, | ) ) | No. 16-cv-01924 |
| v. | ) ) | Judge Andrea R. Wood |
| MICHAEL HEFFERNAN, an individual, and ALLIANT INSURANCE SERVICES, INC., a Delaware Corporation, | ) ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

Defendant Michael Heffernan left his employment with an affiliate of Plaintiffs Aon plc and Aon Group Inc. (together, "Aon" or "Plaintiffs") to work for one of their competitors, Defendant Alliant Insurance Services, Inc. ("Alliant"). According to Plaintiffs, Heffernan solicited Aon clients and employees to start a competing Alliant office near his former workplace in San Jose, California and also misappropriated Aon trade secrets to assist in building his business there. Plaintiffs claim that Heffernan's activities breached his fiduciary obligations and the terms of his incentive compensation agreements. They further assert that Alliant aided and abetted Heffernan's misconduct. Much of the activity at issue took place in California, and so Defendants filed motions seeking to transfer this action to the Northern District of California and a ruling that California law governs this dispute. Their motions were denied in both respects. Defendants now seek reconsideration of both the venue and choice-of-law and venue issues. In addition, they contend that the significance of the choice-of-law issue justifies an early and definitive ruling and thus should be certified for interlocutory appeal. For the reasons detailed

below, Defendants' motion for reconsideration is denied; their motion for a certificate of appealability is granted.

## BACKGROUND

At the commencement of this action, Plaintiffs sought a temporary restraining order and a preliminary injunction prohibiting Defendants from using Plaintiffs' confidential information and soliciting their employees and customers, in violation of the incentive agreements between Plaintiffs and Heffernan. The Court granted Plaintiffs' request for a temporary restraining order. From the outset, the parties vigorously disputed whether their claims and defenses should be governed by Illinois law or California law, with the Court recognizing that the differences between the two jurisdictions, especially regarding the extent of permissible restrictive employment covenants, were "likely determinative of whether and to what extent Plaintiffs will succeed on their claims." (2/10/2016 Order at 5, Dkt. No. 28.) For that reason, the parties agreed to conduct discovery and brief the choice-of-law question before proceeding to the merits of Plaintiff's request for a preliminary injunction. During the same time period, Defendants filed their motion to dismiss this action or, alternatively, to transfer it to the Northern District of California.

Those two issues—choice of law and venue—were decided by a Memorandum Opinion and Order issued by the Court on February 6, 2017. (Dkt. Nos. 126, 127.) The Court ruled that the choice-of-law provisions in the Aon-Heffernan incentive agreements control such that Illinois law governs claims arising under those agreements, and further that, in the absence of any demonstrated difference between Illinois law and California law, no choice-of-law analysis is necessary with respect to Plaintiff's common law tort claim and thus Illinois law governs that claim as well. The Court also denied Defendants' motion to dismiss or transfer. Defendants now

ask the Court to reconsider those determinations or, alternatively, to issue a certificate of appealability for the choice-of-law issue.

## DISCUSSION

A motion for reconsideration is properly brought to correct manifest errors of law or fact or to present newly discovered evidence. *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1269 (7th Cir. 1996). Disposition of the motion is left to the Court's discretion. *Id.*

Defendants contend that the Court manifestly erred in giving effect to the choice-of-law provision in the Aon-Heffernan stock unit agreements without first conducting the analysis outlined in the Restatement (Second) of Conflict of Laws ("Restatement") § 187(2). That provision of the Restatement states that the law chosen by the parties to a contract will be applied even if the issue is one that the parties could not have resolved by an explicit provision in their agreement directed to that issue unless either (a) the chosen state law has no substantial relationship to the parties or the transaction and there is no other reasonable basis for the parties' choice; or (b) application of the law of the chosen state would be contrary to a fundamental policy of a state that has a materially greater interest than the chosen state and that would be the state of the applicable law in the absence of an effective choice by the parties.

Defendants contend that applying Illinois law in this case would violate a fundamental California policy in favor of allowing employee movement and that California has a materially greater interest in this dispute than Illinois. They argue that "[u]nder no circumstances can the language of a contractual choice-of-law provision obviate the need to consider whether the forum state's choice of law rules permit the enforcement of the contractual provision in the first place." (Defs. Memo. at 7, Dkt. No. 133.)

But the very same result that Defendants claim can occur "under no circumstances" has been reached based upon application of contractual language such as that found in the agreements at issue here. In *IFC Credit Corp. v. Rieker Shoe Corp.*, 881 N.E.2d 382 (Ill. App. Ct. 2007), for example, an Illinois Appellate Court rejected the argument that a conflict-of-laws analysis under Restatement principles should override the parties' contractual choice of law. *Id.* at 395. The Appellate Court reached its conclusion explicitly because the contract at issue there, like the agreements here, dictated application of the law of the state where the plaintiff's principal offices were located "without regard to such State's choice of law considerations." *Id.* Similarly, in *Dancor Construction, Inc. v. FXR Construction, Inc.*, 64 N.E.3d 796 (Ill. App. Ct. 2016), an Illinois Appellate Court, in distinguishing *Rieker Shoe*, confirmed that Illinois law first asks whether the parties have contractually disavowed the application of conflict-of-laws principles before embarking on that analysis. *Id.* at 812. The court in *Dancor* applied conflict-of-law principles only after finding no such disavowal. As that court explained: "Unlike in *Rieker,* there is no clause requiring that we ignore Illinois choice-of-law rules. Therefore, to examine whether New York law applies to interpreting the forum-selection clause, we turn to Illinois's choice-of-law rules." *Id.*

Allowing the parties to choose the law that governs their contract (and to prevent that choice from being vetoed or overridden through a conflicts analysis) is consistent with Illinois's long-standing respect for the right of contracting parties to choose the law that governs them. "Generally, the law applicable to a contract is that which the parties intended, assuming such an intent. When that intent is expressed, it should be followed." *Hofeld v. Nationwide Life Ins. Co,,* 322 N.E.2d 454, 458 (Ill. 1975). The approach advocated by Defendants here—allowing the

parties' choice to have effect only if it is not first precluded by a conflicts analysis—affords the parties' choice no such respect.

Defendants argue that the Restatement has been adopted "wholesale" by Illinois and that it "is part of Illinois law." (Defs. Memo. at 10, Dkt. No. 133.) But while several Illinois courts have used such terminology in the course of assuming without analysis the applicability of the Restatement, several others have been more restrained in discussing the Restatement's impact on the law of the state, describing the Restatement as guiding, supporting, and helping the analysis of issues rather than dictating their resolution. *See, e.g.*, *Morris B. Chapman & Assocs., Ltd. v. Kitzman*, 739 N.E.2d 1263, 1270–71 (Ill. 2000); *Donaldson v. Fluor Eng'rs, Inc.*, 523 N.E.2d 1113, 1115 (Ill. App. Ct. 1988). The role of the Restatement in Illinois jurisprudence has also been described in more definitive terms, with the Illinois Supreme Court explaining: "[T]he analysis contained in the Restatement is a guide for courts; it is not black-letter law to be upheld against all other considerations." *Brown & Brown, Inc. v. Mudron*, 887 N.E.2d 437, 439 (Ill. 2008). Significantly for present purposes, Defendants cite no Illinois Supreme Court or Seventh Circuit authority that employed the Restatement's conflicts principles to override a contractual choice-of-law provision where that provision included language expressly rejecting the application of such principles. The Court accordingly adheres to its conclusion that Illinois courts would not employ Restatement § 187(2) to invalidate the Illinois choice-of-law provisions in the Aon-Heffernan agreements.

Further, even if Illinois law required a Restatement-style conflicts analysis as an initial matter, it is not clear that the greater-interest test of § 187(2) would apply. The section's first subsection, § 187(1), provides that "[t]he law of the state chosen by the parties to govern their contractual rights and duties will be applied if the particular issue is one which the parties could

5

have resolved by an explicit provision in their agreement directed to that issue." Section 187(2) does not apply if the subject of the parties' dispute could have been addressed by contract. *Stromberg Metal Works, Inc. v. Press Mech., Inc.*, 77 F.3d 928, 933 (7th Cir. 1996). Here, the parties were free to agree that the parameters of Heffernan's restrictive covenant would be those allowed by the law of Illinois rather than that of California, and they were similarly free to protect that agreement as they did: by waiving the impact of any conflict-of-law principles and agreeing that their disputes would be resolved by a court in Illinois.

In sum, the Court is unpersuaded by Defendants' contention that the decision to apply Illinois law to Plaintiffs' claims constituted manifest error. The Court also rejects Defendants argument that the Court erroneously weighed the factors to be considered in the analysis of the motion for a transfer of venue—as that argument merely rehashes positions previously considered and rejected by the Court and thus provides no basis to disturb the ruling denying Defendants' motion. *See Caisse Nationale,* 90 F.3d at 1270.

Defendants have also asked that this Court certify the choice-of-law question for interlocutory appeal. Such appeals are appropriate under 28 U.S.C. § 1292(b) when (1) the appeal presents a question of law; (2) it is controlling; (3) it is contestable; (4) its resolution will expedite the resolution of the litigation; and (5) the petition to appeal is filed in the district court within a reasonable amount of time after entry of the order sought to be appealed. *Boim v. Quranic Literacy Inst. & Holy Land Found. For Relief and Dev.*, 291 F.3d 1000, 1007 (7th Cir. 2002). The Court finds that each factor is present here.

The extent to which Restatement § 187(2) mandates a conflict-of-laws analysis under Illinois law, even in the presence of a contractual choice-of-law provision that precludes reference to conflicts analysis, is a question of law. So too is the question of whether, if a

Restatement conflicts analysis must be employed despite the contractual provision to the contrary, the parties' capacity to address the issues here by agreement invokes Restatement § 187(1) and obviates any basis for reference to § 187(2). The question of whether the Aon-Heffernan agreements are governed by Illinois law or California law is controlling as to the validity of the restrictive covenants therein because of a California statute that has no Illinois analogue: § 16600 of California's Business & Professional Code, which invalidates contracts by which anyone is restrained from engaging in a lawful profession, trade, or business of any kind. Plaintiffs' claims regarding the solicitation of their customers and employees are presumably largely determined by whether or not the statute applies to this action.

The proper role of the Restatement in the present case is contestable at least in part because of the lack of definitive engagement on the issue by the Illinois Supreme Court. As discussed above, application of the Restatement's provisions has been presumed by courts interpreting Illinois law, but no analysis has addressed its relevance in view of a "no conflict analysis" contract clause. The resolution of the issue will expedite the resolution of this action in that it will advance the determination of the validity of Plaintiffs' contractual claims. And finally, Defendants brought their petition within a reasonable time following the Court's February 6, 2017 order (Dkt. No. 127): the petition was filed 15 days later, on February 21, 2017 (Dkt. No. 135).

The Court parts ways with Defendants as to the formulation of the issues to be certified, however. The question is not whether "Section 187 is one of Illinois's choice of law rules." (Defs. Mot. at 5, Dkt. No. 135). Rather, the proper inquiries are (1) whether Illinois law mandates a conflicts of laws analysis under Restatement § 187(2) even when the choice-of-law provision in the agreement at issue expressly precludes reference to such analysis, and (2) if the

7

Restatement does apply, whether the parties' capacity to agree to Illinois law and the restrictive employment covenants permitted thereunder invoked the principles of § 187(1) and obviated any need for reference to § 187(2).

## CONCLUSION

Accordingly, for the reasons stated above as well as those previously explained in the Court's Memorandum Opinion and Order dated February 6, 2017 (Dkt. No. 127), Defendants' motion for reconsideration (Dkt. No. 132) is denied. Defendants' motion for certification of the February 6, 2017 ruling for interlocutory appeal (Dkt. No. 135) is granted, in that the Court certifies the following questions for appellate review:

1. Whether Illinois law mandates a conflicts of laws analysis under Restatement § 187(2) even when the choice of law provision in the agreement at issue expressly precludes reference to such analysis; and

2. If the Restatement does apply, whether the parties' capacity to agree to Illinois law and the restrictive employment covenants permitted thereunder invoked the principles of Restatement § 187(1) and obviated any need for reference to § 187(2).

ENTERED:

Dated: April 20, 2017

_____
Andrea R. Wood
United States District Judge